# In the United States Court of Federal Claims

No. 15-666 C

Filed: March 9, 2017

*******************************************

|  |  |
|---|---|
| GOVERNMENT SERVICES CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Rules of The United States Court Of Federal Claims ("RCFC") <br> 6 (Extending Time), <br> 8 (General Rules Of Pleading), <br> 12 (Defenses And Objections), <br> 15 (Amended and Supplemental Pleadings), <br> 55 (Default Judgment). |

*******************************************

**Jefferson Ragnar Griffeath,** Bamcis Legal PLLC, Moscow, Idaho, Counsel for Plaintiff.

**Mark Edward Porada**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO FILE AN ANSWER OUT OF TIME

This Memorandum Opinion and Order rules on Plaintiff's February 26, 2017 Motion To File An Answer Out Of Time.

**I.      PROCEDURAL HISTORY.**

On June 26, 2015, GSC ("Plaintiff") filed a Complaint ("Compl.") in the United States Court of Federal Claims. ECF No. 1. In support, Plaintiff filed seven Attachments ("Compl. Atts. 1–7"). Attachment 4 was an email marked "Monday, November 06, 2012 6:02 AM."[1] Compl. Att. 4.

---

[1] November 6, 2012, however, was a Tuesday, and not a Monday.

On October 2, 2015, Plaintiff filed a Motion To Amend Pleadings arguing that the date on Attachment 4 was incorrect due to a "computer server program error;" the correct date was Monday, November 5, 2012 at either "23:02:20 UTC [Coordinated Universal Time]" or "15:02:20 Pacific Time."[2] ECF No. 7-1 at 1. On October 5, 2015, the court granted Plaintiff leave to amend the June 6, 2015 Complaint, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 15(a)(2). ECF No. 8. On October 7, 2015, Plaintiff filed an Amended Complaint, that removed the incorrectly dated e-mail as an attachment. ECF No. 9.

On December 10, 2015, the Government filed an Answer to the October 7, 2015 Amended Complaint ("Gov't Answer"). ECF No. 15. The December 10, 2015 Answer avers that Plaintiff's claim was fraudulent and three counterclaims were asserted. Gov't Answer ¶¶ 74–76. The first counterclaim alleges that, under the Special Plea in Fraud statute, 28 U.S.C. § 2514, Plaintiff's claim should be forfeited. Gov't Answer ¶ 127. The second counterclaim alleges that, under the False Claims Act, 31 U.S.C. § 3729, Plaintiff knowingly submitted a false or fraudulent claim for payment by the United States and used a false record to support its claim, and is liable for up to $11,000. Gov't Answer ¶¶ 131–35. The third counterclaim alleges that, under the Contract Disputes Act, 41 U.S.C. § 7103, Plaintiff is liable for at least $183,788.86 in damages, plus the cost to review Plaintiff's claim. Gov't Answer ¶¶ 138–39.

RCFC 12(a)(1)(B) provides: "[i]f the [Government's] answer contains a counterclaim, offset, or plea of fraud, a party *must file* an answer to the counterclaim, and may file a reply to the offset or plea of fraud, within 21 days after being served with the answer." RCFC 12(a)(1)(B) (emphasis added). This rule does not apply, however, when a plaintiff responds to the Government's counterclaims by motion. Under RCFC 12(a)(4)(A), if the court denies the motion, the answer must be filed either fourteen days after the court's action or the date it otherwise would have been due. *See* RCFC 12(a)(4)(A) ("[I[f the court denies the motion, in whole or in part . . . the responsive pleading must be filed by the later of (i) 14 days after notice of the court's action or the motion's withdrawal; or (ii) the date the response otherwise would have been due.").

On January 4, 2016, Plaintiff filed a Motion To Strike and Motion To Dismiss The Government's Answer to Amended Complaint. ECF No. 21. On January 7, 2016, the court issued an Order denying the Motion To Strike. ECF No. 17. On March 11, 2016, the court issued a Memorandum Opinion And Order that denied Plaintiff's January 4, 2016 Motion To Dismiss. *See Government Services Corp. v. United States*, 125 Fed. Cl. 586, 586–591 (2016).

Under RCFC 12(a)(4)(A), once the court issued the March 11, 2016 Memorandum Opinion and Order, Plaintiff had 14 days to file an answer to the Government's counterclaims, that should

---

[2] Both of these time stamps are the equivalent of 6:02 PM Eastern Standard Time ("EST").

have been filed by March 25, 2016. Plaintiff, however, did not file an answer, nor did Plaintiff request additional time to file an answer, pursuant to RCFC 6(b)(1)(A).[3]

On May 26, 2016, Plaintiff's first counsel filed a Motion For Withdrawal. ECF No. 30. On July 11, 2016, Plaintiff filed a Notice of Substitution of Counsel. ECF No. 39.

On September 15, 2016, Plaintiff filed a Motion for Summary Judgment. On that same day, the Government filed a Cross-Motion For Summary Judgment ("Gov't Mot."). On October 17, 2016, Plaintiff filed a Response to the Government's September 15, 2016 Cross-Motion For Summary Judgment ("Pl. Resp."). On that same day, the Government also filed a Response to Plaintiff's September 15, 2016 Motion For Summary Judgment ("Gov't Resp."). On November 3, 2016, the Government filed a Reply to Plaintiff's October 17, 2016 Response ("Gov't Reply").

On February 23, 2017, the court's law clerk sent an e-mail to the parties to advise them that: the court had drafted an opinion, based on the parties' outstanding Cross-Motions For Summary Judgment, but Plaintiff did not file an answer to the Government's December 10, 2015 counterclaims nor did Plaintiff request leave of the court to file an answer out of time, pursuant to RCFC 6(b)(1)(B). Plaintiff was advised that if it intended to file a motion to file an answer out of time, it must do so by February 27, 2017.

On February 26, 2017, Plaintiff filed a Motion To File Answer To Defendant's Counterclaims Out Of Time ("2/26/17 Pl. Mot."), attaching a proposed Answer. On March 2, 2017, the Government filed an Opposition ("Gov't Opp.").

## II. DISCUSSION.

### A. Plaintiff's Argument.

Plaintiff argues that it did not "provide an Answer to the counterclaims in a timely manner due to excusable neglect based around [Plaintiff's] search for new counsel following its motion to dismiss." 2/26/17 Pl. Mot. at 1. In addition, "[a]dmissions and denials have been made in the case prior to this date through other pleadings filed with the court, [so] the [Government] was aware of those admissions, denials, and further allegations." 2/26/17 Pl. Mot. at 1. Plaintiff adds that "[t]he court allowing Plaintiff to file an Answer out of time would not prejudice the Defendant in any way." 2/26/17 Pl. Mot. at 1–2.

---

[3] RCFC 6(b)(1) provides:

> (b) Extending Time.
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

RCFC 6(b)(1)

### B. The Government's Response.

The Government responds that Plaintiff cannot establish that its failure to file an answer was caused by excusable neglect. Gov't Opp. at 3. The only reason proffered for delay is Plaintiff's need to find new counsel following the motion to dismiss, but Plaintiff's prior counsel moved to withdraw on May 26, 2016—more than two months after the March 25, 2016 deadline to file an answer passed. Gov't Opp. at 7. The Government adds that Plaintiff was represented by its counsel of choice from the inception of the lawsuit. Gov't Opp. at 6. Even if Plaintiff's counsel was "accustomed to practicing in the state-court system, and was having difficulty adapting to the speed of the [federal-court] system," that by itself is not sufficient basis for excusable neglect. Gov't Opp. at 6–7 (quoting *Dimmit v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005)) (internal quotation marks omitted).

### C. The Court's Resolution.

Under RCFC 6(b)(1)(B), an answer may be filed after time has expired if the party missed the deadline because of "excusable neglect." The United States Supreme Court has held that the determination of "excusable neglect" is an equitable one, based on "all relevant circumstances," including such factors as: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).

Plaintiff's delay has been lengthy—nearly a year has passed since the March 25, 2016 deadline. In addition, some prejudice would result if Plaintiff was permitted to file an answer, because the Government's September 15, 2016 Cross-Motion For Summary Judgment is based in part on Plaintiff's failure to file an answer. Gov't Mot. at 27–28. To be sure, the reason for Plaintiff's delay was "within the reasonable control of the movant." *See Pioneer Inv. Serv. Co.*, 507 U.S. at 395. Plaintiff argues that excusable neglect exists based upon "[Plaintiff]'s search for new counsel following its motion to dismiss." 2/26/17 Pl. Mot at 1. But, Plaintiff's first counsel did not file a Motion To Withdraw until May 26, 2016; *i.e.*, more than two months after the answer was first due. ECF No. 30. Plaintiff's current counsel became counsel of record on July 11, 2016, but did not file a motion for leave to file an answer out of time until February 26, 2017.

When determining whether to allow a motion for leave to file out of time, the court is required to take into account "all relevant circumstances." *See Pioneer Inv. Serv. Co.*, 507 U.S. at 395. In this case, equity weighs heavily in support of allowing Plaintiff's motion, because RCFC 8(b)(6) provides that "[a]n allegation—other than one related to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Therefore, the Government argues that, as a matter of law, it is entitled to summary judgment with respect to all three of its counterclaims, since Plaintiff admitted to all of the December 10, 2015 Answer's factual allegations except for those pertaining to damages. Gov't Mot. at 27–28.

Preventing Plaintiff from filing an Answer and applying RCFC 8(b)(6) in this fashion, however, would result in a default judgment in favor of the Government. *See* RCFC 55(a) (permitting the entry of a default when a party has "failed to plead or otherwise defend."). The United States Court of Appeals for the Federal Circuit has held that the United States Court of

4

Federal Claims abused its discretion when it entered default judgment in favor of the Government where the plaintiff mistakenly failed to file an answer to the Government's counterclaim. *See Information Systems & Networks Corp. v. United States*, 994 F.2d 792, 797 (Fed. Cir. 1993). In that case, our appellate court held that "a trial on the merits is favored over default judgment," and that "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *Id.* at 795–96 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 605 F.2d 839, 845 (6th Cir. 1983)). Plaintiff's failure to file an answer in that case did not meet this "extreme" standard, because plaintiff's lawyer believed he was not required to file an answer to the Government's counterclaim but otherwise "diligently pursued the action in every other regard." *Id.* at 796. In addition, default judgment was inappropriate when the lack of the answer had "little, if any, substantive significance." *Id.* at 797.

In this case, as in *Information Systems*, Plaintiff has "diligently pursued" this action in every regard, other than its failure to file an answer. Therefore, allowing Plaintiff to file an answer has only limited "substantive significance," because Plaintiff has denied the allegations in the Government's December 10, 2015 Answer, albeit not in a pleading. Pl. Resp. at 6 (contesting the merits of the Government's counterclaims). For these reasons, the court has determined that Plaintiff may file an answer out of time.

### III. CONCLUSION.

Plaintiff's February 26, 2017 Motion To File Answer To Defendant's Counterclaims Out Of Time is granted. Plaintiff will file an Answer by March 13, 2017. The Government may file a supplemental brief regarding the merits of its counterclaims by March 20, 2017.

s/ Susan G. Braden  
**SUSAN G. BRADEN**  
**Judge**